SMITH & MERRICK *vs.* McFALL & McMELLEN.

A *writ in replevin* cannot legally be executed unless a bond with *two sureties* be delivered to the sheriff.
Whether the remedy should not be by *exception* instead of *motion*, QUERE.

By Chief Justice SAVAGE. This is a motion to quash a writ of replevin, on two grounds : 1. Because the name of one of the defendants was not inserted in the process until after it was served ; 2. Because the sheriff took a bond with only one surety.

The first point seems not to be sustained by the facts sworn to. The plaintiff's agent had authority to insert the christian name when ascertained. He did so. He, however, inserted the name but once, whereas it occurred three times in the process, and the two blanks were afterwards filled by the attorney. [522] It so happens that the name was inserted in the place where the command is given to summon the defendants. The preceding part is mere recital ; and the succeeding part, where the officer is commanded to take the defendants, refers to the same persons who were to be summoned. It is to take the bodies of the said Benjamin McFall and ——— McMellen. This proceeding, though inaccurate, is not so irregular as to require the process to be set aside. In the summons the only objection is, that the christian name is abbreviated in pencil. The abbreviation is such as is usual, and therefore well understood ; and the writing in pencil is valid. ( *Clason* v. *Bailey*, 14 *Johns. R.* 491.) The other objection is that but *one surety* was taken in the bond. It has already been decided that it is no ground for setting aside a default for not pleading that only one surety had been taken by the sheriff in the replevin bond. ( *Kesler* v. *Haynes*, 6 *Wend. R*, 547.) It is not to be understood that the court approve or sanction proceedings in sheriffs which are in violation of their duty. All we there *intended to decide* was, that the irregular service could not be taken advantage of, *after the defendant had slept upon his rights* until a default had been entered against him. This motion was made, or rather notice of it was given for the earliest motion day practicable, and the defendant is entitled to the full benefit of every irregularity. In the case of *Kesler* v. *Haynes*, it was said that if the sheriff omits to take sufficient security he is responsible ; but the proceedings are not irregular. This remark is not strictly correct. The statute is prohibitory, not directory. " Such writ shall not be executed in any case unless the following provisions are complied with ?" which are, 1. An affidavit, the contents of which are stated ; 2. A bond in a penalty at least double the value of the property specified in the writ, with sufficient *sureties*, in the *plural*. By § 29, the *sureties* shall justify, and among other things it must appear that *each* of them is worth double the amount of the penalty, over and above all demands ; thus giving to the defendant security for the property to the amount of eight times the value. This is the security which the statute guarantees to the defendant, and the courts have no right to say he shall have less. Perhaps it [523] was incorrect ; it was surely unnecessary, to say as I did in the case referred to, that the sheriff was responsible for the sufficiency of the security. That case must not be considered as an adjudication of that point ; our former statute expressly made the sheriff responsible for the sufficiency of the security, and the remark may have been made upon impressions of long standing, without a critical examination of the provisions of the Revised Statutes. It will be seen from sections 28, 32, 33, 2 *R. S.* 527, that the liability of the sheriff may depend upon the proceedings to be taken by the defendant. If the defendant omits to except to the sufficiency of the sureties in due time, the sheriff is discharged from all liability for the sufficiency of such sureties. Whether he is liable for taking only one surety, or whether the defendant should in such case except, it is unnecessary to decide ; though I have no doubt that such a proceeding by an exception

in such a case would be proper, and would be equally effectual as a motion like this. (a) From § 28, 29, 30, and 31, it is clear that the legislature did not intend that the plaintiff's suit should fail merely because the sureties to the sheriff and approved by him were insufficient. Upon the facts appearing, or rather their failure to justify, the plaintiff may give a new bond with new sureties, who shall justify in the manner specified in the 29th section, by making an affidavit that each of them is a householder worth double the amount of the penalty of the bond, over and above all demands. That is the security which the defendant should have, and that the defendants in this case must have, or the writ in this case should be set aside.

This motion must be granted, unless within 30 days the plaintiffs file a new bond with at least two sureties who shall justify, and pay the costs of this motion.

---

(a) In reviewing this opinion in a case which subsequently arose, Chief Justice NELSON expressed the opinion, that the defendant ought to be confined to the remedy by *exception* instead of *motion.*